CLOSED



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID HALL,

    Plaintiff,

vs.

Case No. 05-CV-71433
HON. GEORGE CARAM STEEH

INTERNATIONAL HOUSE OF PANCAKES, INC.
and YVONNE M. FISHER,

    Defendants.

_____/



### ORDER GRANTING, IN PART, DEFENDANTS' MOTION TO DISMISS (#2) AS TO FEDERAL CLAIMS ONLY, DENYING, IN PART, DEFENDANTS' MOTION TO DISMISS (#2) AS TO POSSIBLE STATE CLAIMS IN DEFERENCE TO REMAND; REMANDING STATE CLAIMS PURSUANT TO § 1367(c)(3), AND; DENYING PLAINTIFF'S MOTION TO REMAND (#5) AS MOOT

Defendants International House of Pancakes, Inc. ("IHOP") and Yvonne Fisher move for dismissal of pro se plaintiff David Hall's claims relative to his employment with IHOP. Plaintiff Hall moves to remand. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motions. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motions be resolved without oral argument.

### I. Background

Plaintiff filed an initial complaint in Michigan's Wayne County Circuit Court on November 15, 2004 alleging that, beginning on February 5, 2003, he was employed by IHOP as a "Line Cook" and "Kitchen Prep" at an hourly rate of $8.20 per hour. Plaintiff

alleged he was reassigned to the position of "dish washer" on June 30, 2003 at a rate of $8.50 per hour. Plaintiff alleged he continued to complain that his actual hourly pay rate and weekly wages were being calculated incorrectly, and that IHOP wrongfully and deliberately paid plaintiff at the $5.75 per hour rate of a "combo worker," and at the $8.20 per hour rate of "Line Cook." As to the nature of his legal claims, plaintiff alleged that IHOP's act of paying plaintiff at lesser hourly rates than he was entitled to receive were in "complete violation of the principles of equal employment opportunity law," and that plaintiff was entitled to a judgment against IHOP of "$50,000 dollars [sic] for deliberately violating his employment rights under the principles of the equalemployment [sic] opportunity law." Plaintiff also requested in his complaint that "all misappropriated hourly rates and wages be accurately computed."

Defendants IHOP and Fisher moved for summary disposition of plaintiff's claims in state court on January 4, 2005 arguing plaintiff failed to exhaust his administrative remedies available under the Michigan Payment of Wages and Fringe Benefits Act, M.C.L. § 408.471, et seq.. On March 25, 2005, Wayne County Circuit Court Judge Cynthia Stephens granted the motion for summary disposition, in part, dismissing "[a]ll claims involving wages" and granting plaintiff leave "to clarify his claims brought in violation of equal employment opportunity law." Plaintiff thereafter filed an amend complaint alleging:

> 13. Defendants, Knowingly, Deliberately and wilfully, violated Plaintiff's Constitutional Rights, Equal Employment Opportunity Rights, the Equal Pay Acts, and Elliort-Larsen [sic] Civil Rights Acts.

April 4, 2005 Amended Complaint, ¶ 13, at 3. Defendants removed the lawsuit to federal court on April 12, 2005 premised on federal question jurisdiction, 28 U.S.C. §§ 1331, 1343, to the extent plaintiff was alleging the defendants violated plaintiff's federal "Constitutional

2

Rights" and "Equal Employment Opportunity Rights," and the federal "Equal Pay Act[]."

Defendants filed the instant motion to dismiss all of plaintiff's claims on April 25, 2005. The court granted plaintiff's request for an extension of time to file a response to the motion by May 30, 2005. May 4, 2005 Order. On May 27, 2005, plaintiff instead filed a motion to remand to Wayne County Circuit Court on the basis that the state court judge failed to properly review plaintiff's response to defendants' motion for summary disposition in state court.

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim on an issue of law. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a Rule 12(b)(6) motion, a court must "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." G.M. Eng'r and Assoc., Inc. v. West Bloomfield Tp., 922 F.2d 328, 330 (6th Cir. 1990).

Although a complaint drafted by a pro se plaintiff must be liberally construed, and not held to the stricter standard applicable to complaints drafted by trained legal counsel, the complaint must nonetheless contain direct or inferential allegations respecting all of the material elements of a claim. See In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir.1993). See also Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999). Plaintiff Hall's complaint is devoid of any direct or inferential allegations that would support a federal constitutional claim under 42 U.S.C. §

1983, a violation of a right to equal employment opportunities as protected by federal law, or a violation of rights otherwise protected by the federal Equal Pay Act, 29 U.S.C. § 206(d). Plaintiff does not allege a specific federal constitutional right that has been violated, membership in a federally protected class, different treatment with respect to other similarly situated employees not members of plaintiff's protected class, or the payment of disparate wages as between plaintiff and a similarly situated IHOP employee who is not a member of plaintiff's protected class. See generally LeGare v. University of Penn. Medical School, 448 F.Supp. 1250 (E.D.Pa. 1980). Plaintiff even attempted to explain the nature of his federal claims in responding to defendants' motion with a motion to remand. Plaintiff's federal claims are simply conclusionary, and shall be dismissed as a matter of law. See Lillard v. Shelby County Bd. Of Ed., 76 F.3d 716, 726 (6th Cir. 1996) (recognizing that conclusory civil rights claims are subject to dismissal, citing Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986)); Conley, 355 U.S. at 45-46; G.M. Eng'r, 922 F.2d at 330.

A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

> "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir.1996) (citation omitted). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." Id. at 1254-55 (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)); see also Brandenburg v. Housing Authority of Irvine, 253 F.3d 891, 890 (6th Cir.2001) ("In fact, the usual course is for the district court to dismiss state-law claims without prejudice if all federal claims are disposed of on summary judgment."); Aschinger v. Columbus Showcase Co.,

4

934 F.2d 1402, 1412 (6th Cir.1991) (noting that only "overwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed before trial").

Andonian v. Autoalliance International, Inc., No. 01-CV-73918-DT, 2003 WL 2010745, at *18 (Feb. 25, 2003). Pursuant to 28 U.S.C. § 1367(c)(3), the court will remand this case to Wayne County Circuit Court as to plaintiff's remaining state law claims, if any, for adjudication in state court. As a consequence, plaintiff's separate motion to remand will be denied as moot.

Defendants IHOP's and Fisher's motion to dismiss is hereby GRANTED, IN PART, to the extent of any federal claims purportedly alleged by plaintiff David Hall. Plaintiff's federal claims are hereby DISMISSED in their entirety. Defendants' motion to dismiss is hereby DENIED, IN PART, to the extent plaintiff is alleging state law claims, with these state claims hereby REMANDED to Wayne County Circuit Court. In remanding to state court, this court makes no determination as to the continuing viability of any state law claims.

SO ORDERED.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on July 15, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk